Bellacosa, J.
(concurring). I concur only in the result. Proper statutory construction and appropriate administrative implementation of legislatively delegated authority to the Department of Environmental Conservation (DEC) support reversal. I cannot ascribe, however, to the effort in the majority opinion to distinguish Boreali v Axelrod (71 NY2d 1).
An analytical and precedential inconsistency with Boreali emerges from the assertion in this case that the broad power delegated to "experts” to regulate the bulk storage of petroleum is valid and survives two foursquare legislative constricting amendments. Moreover, the asserted distinction that DEC possesses expertise in the oil spill/fuel storage area but that the Public Health Council (PHC) lacked parallel public health expertise concerning the health and life threat from smoking is at the very least questionable.
Nor can Boreali be so easily sidestepped on the ground that there the delegated regulatory authority for the PHC to protect the public health was held to have been overbroadly exercised as contrasted to here where a similarly broad grant of regulatory authority to DEC is held not to have been narrowed by specific subsequent legislation. In Boreali, the analogously delegated regulatory power, which had never been narrowed or preempted during its 75-year history and had additionally enjoyed the universal approbation of this court, was found overbroadly exercised and violative of the separation of powers doctrine, the key distinction emphasized *197 by the majority. Of course, the separation doctrine is not raised or directly involved in the instant case, but that facile categorical distinction is not decisive.
The result in the instant case runs counter to the multipronged rationale of Boreali. Ironically, this court used failed legislative efforts to effect a smoking ban as a decisive weight in countermanding an existing statute in Boreali. Conversely in this case, two direct and successful legislative amendments are construed, not without some difficulty, to maintain the subject regulations. In sum, the majority differentiates the two cases as resting on the intent of the Legislature.
I believe, however, that the court sows confusion when it reaches sharply opposing results in proximately decided cases, in one of which failed legislative efforts are decisive and in the other of which relevant enactments are swept aside. While the desire to avoid Boreali simply on separation of powers versus statutory construction grounds may be understandable, such a neat categorization fails to come to grips with the interwoven analytical thrust of Boreali. Because problems concerning the delegation of administrative law authority will persist, I concur in the result only.
Chief Judge Wachtler and Judges Simons, Kaye and Alexander concur with Judge Titone; Judge Bellacosa concurs in result in a separate opinion; Judge Hancock, Jr., taking no part.
Order reversed, etc.